590 Madison Avenue, 20th Floor, New York, NY 10022-2524 ▪ p212 223-4000 ▪ f212 223-4134



Kathy H. Chin
(212) 895-4304
KHChin@crowell.com

January 30, 2020

**ELECTRONICALLY FILED**

Hon. Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, New York 10007

      Re:    *Ex Parte Application of Gulf Investment Corp.*
               Case No. 1:19-mc-00593

Dear Judge Broderick:

      We represent The Port Fund L.P. ("Port Fund") and Port Link GP Ltd. ("Port Link") (together, the "Port Fund Entities"), the entities that are the ultimate target of the above-referenced *ex parte* application, which was filed on behalf of Gulf Investment Corp. ("GIC") on December 26, 2019 (the "GIC Application"). We write to address points raised in GIC's January 9, 2020 letter and to bring other relevant matters to the Court's attention.

      The GIC Application seeks the Court's permission, pursuant to 28 U.S.C. § 1782, to issue subpoenas for extensive document production from 12 correspondent banks, which may relate to "contemplated" but as-yet-unfiled litigation that GIC might pursue in the Cayman Islands against unspecified entities that may include, "among others, the Port Fund, Port Link, KGLI, and/or the Fund Manager." (ECF No. 4 at 18). In its January 9 letter, GIC concedes that the discovery sought is in aid of potential claims or litigation against the Port Fund Entities but still asserts that the Court should not permit the Port Fund Entities to oppose the GIC Application prior to the briefing and adjudication of a motion to intervene under Fed. R. Civ. P. 24. Although we believe that this Court can allow the Port Fund Entities the opportunity to be heard in light of the ample and undisputed case law holding that the target of the ultimate litigation has an interest in subpoenas issued pursuant to 28 U.S.C. § 1782,[1] the Port Fund Entities are prepared to submit a motion to intervene if that is the Court's preference.

---

[1] *See In re Hornbeam Corp.*, 2015 WL 13647606, at *2 (S.D.N.Y. Sept. 17, 2015) (Broderick, J.) (noting that, because the ultimate target of the litigation has standing to oppose subpoenas issued under § 1782, it "does not appear necessary ... to determine whether [ultimate target] satisfies the requirements for intervention"); *see also In re Merck & Co., Inc.*, 197 F.R.D. 267, 270-71 (M.D.N.C. 2000) (recognizing that, although § 1782 applications can be granted *ex parte*, a Court also may require that parties to the contemplated litigation be given notice and the opportunity to respond prior to subpoenas being issued).

Hon. Vernon S. Broderick
January 30, 2020
Page 2

If given leave to oppose the GIC Application, there are a number of objections we would raise, including the highly speculative nature of the litigation contemplated in the Cayman Islands, the overbreadth of the proposed subpoenas, and the less than complete description in the GIC Application of the Cayman proceedings currently underway (*see* ECF No. 6 at 2). Those proceedings were commenced by GIC at the end of November 2019 under Section 22 of the Cayman Islands Exempted Limited Partnership Law (the "GIC Section 22 Proceeding") in order to obtain discovery directly from the Port Fund Entities that would render the inquiries contained in the GIC Application unnecessary and duplicative. As such, the GIC Application is unduly burdensome and an inappropriate effort to circumvent the very process GIC itself commenced in the Cayman Islands. In this connection we share with the Court the attached correspondence from Cayman counsel for the Port Fund Entities, in which they offer to allow GIC to amend its requests for information in the GIC Section 22 Proceeding to include any additional information sought from the correspondent banks, which negates any legitimate basis for GIC to continue pursuing two parallel discovery proceedings.

We also draw the Court's attention to another *ex parte* application pursuant to 28 U.S.C. § 1782 filed by Kuwait Ports Authority ("KPA") on January 28, 2020. *See Ex Parte Application of Kuwait Ports Authority,* Case No. 1:20-mc-00046. KPA is a Kuwait state-owned enterprise that, like GIC, is a limited partner of Port Fund. Although the Miscellaneous Case Cover Sheet does not indicate that a similar case has been previously filed in the Southern District of New York, we note that KPA's application contains the same false and inflammatory allegations about the Port Fund Entities that are raised in the GIC Application, such that these filings seem to be yet another chapter of a long-running effort by government and private sector actors in Kuwait to target the Port Fund Entities and related entities.[2] At the very least, the filing of two § 1782 applications in the Southern District of New York while discovery proceedings are underway in the Cayman Islands suggests that the use that is being made of the § 1782 application process is not appropriate and should not be countenanced by this Court.

We have just learned that on January 29, 2020, the KPA issued an originating summons in the Cayman Islands seeking materially the same relief sought by GIC in the GIC Section 22 Proceeding (the "KPA Section 22 Proceeding"). Given the substantial overlap between the GIC Section 22 Proceeding and the KPA Section 22 Proceeding, the KPA is seeking the consent of the Port Fund Entities for these proceedings to be case managed and heard together. As such, KPA's application is largely duplicative and unnecessary for the same reasons described above with respect to the GIC Application. While we are hopeful that both these § 1782 applications will be withdrawn as matters proceed in the Cayman Islands, if they are not, we respectfully submit that they should both be before this Court. We have copied counsel on the KPA § 1782 application on this letter to Your Honor.

---

[2] KPA's *ex parte* application includes a Declaration of Yousef Al Sabah, the Director General of the KPA, who is one of the Kuwaiti officials that, as reported in our January 6, 2019 letter, is the subject of calls by members of Congress to investigate whether sanctions are warranted for alleged human rights abuses and corruption in Kuwait under the Global Magnitsky Human Rights and Accountability Act, P.L. 114-328, Title XII, Subtitle F; codified at 22 U.S.C. 2656 note.

Should the Court wish to conduct a conference in person or telephonically, we will make ourselves available. We thank the Court for its consideration.

Respectfully submitted,

Kathy Hirata Chin

cc: Kristin N. Tahler, Esq.
Gabriel F. Soledad, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
(via ECF)

Joseph G. Falcone, Esq.
Herbert Smith Freehills New York LLP
(via Email)