# Exhibit E

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3615**

WRITER'S EMAIL ADDRESS
**kristintahler@quinnemanuel.com**

January 28, 2020

<u>**VIA E-MAIL**</u>
SGILBERT@CROWELL.COM

Sarah Gilbert
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, NY 10022

Re: <u>*Ex Parte* Application of Gulf Investment Corporation for an Order to Obtain Discovery for Use in Foreign Proceedings Pursuant to 28 U.S.C. §1782 (19-mc-00593)</u>

Dear Ms. Gilbert:

We write in response to your letter of January 21, 2020, wherein you (1) note that your clients "welcome the opportunity to discuss and negotiate the terms of a confidentiality agreement" with our client Gulf Investment Corporation ("GIC"); but (2) fallaciously purport to require further "input" from Udenna Corporation ("Udenna") "[a]s part of the process of clearing all confidentiality concerns in advance of such a discussion."

Unfortunately, your letter appears to be part of your clients' ongoing, transparent efforts to avoid questions raised by limited partners of the Port Fund, including GIC in its correspondence, 1782 Application, and Cayman proceedings.[1] Consistent with this now well-worn path, not only was your response delivered at a leisurely pace, but it also added, for the very first time, a discussion of the purported need to consult with third party Udenna prior to any meeting.

First, we reject your assertion that Udenna needs to be consulted regarding, much less agree to, the confidentiality terms that would govern any discussion that takes place among The Port Fund, The Port Fund's general partner, and one of The Port Fund's limited partners (GIC). Even if we were to accept this assertion – which we do not – it is unclear what "financial information" of Udenna, as the purchaser of the GGDC project, your letter contemplates being accorded

---

[1] Indeed, Walkers' letter of January 24, 2020 sent on behalf of the same clients to Travers Thorp Alberga ("TTA") only further supports this view; however, that separate correspondence will be addressed by TTA in due course.

**quinn emanuel urquhart & sullivan, llp**
LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON | SALT LAKE CITY
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

Sarah Gilbert
January 28, 2020

"sufficient[] protect[ion]." The mere reference to Udenna in this context only elevates GIC's significant apprehension regarding this transaction.

Second, setting aside the ultimate irrelevance of Udenna's views on the confidentiality terms for our upcoming discussion, it is telling that your clients have only now bothered to raise this issue. Concerns regarding The Port Fund's sale of the GGDC project to Udenna have been front and center in correspondence between our clients for months, and questions about such were explicitly raised in GIC's Cayman proceedings in November 2019, and then again last month in GIC's 1782 Application. Given this, it is not clear why, beyond the obvious inference of further obfuscation and delay, your clients are only now raising the need for Udenna to sign off on our discussions.[2]

Nonetheless, as a further showing of good faith, and in response to your offer, we are willing to schedule a substantive, in-person meeting, on February 6, 7, or 10, 2020. Please advise which date you wish to confirm by January 30, 2020.

Best regards,

*Kristin Tahler*

Kristin N. Tahler

---

[2] This is particularly the case given that this represents your clients' first substantive response to GIC's acceptance of the offer to meet. Indeed, as previously noted, although GIC accepted an earlier offer from your clients to meet in November 2019, your clients failed to respond substantively to GIC's acceptance.

2