# Exhibit G

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3615**

WRITER'S EMAIL ADDRESS
**kristintahler@quinnemanuel.com**

February 11, 2020

**VIA E-MAIL**
SGILBERT@CROWELL.COM

Sarah Gilbert
Crowell & Moring LLP
590 Madison Avenue, 20th Floor
New York, NY 10022

Re:   *Ex Parte* Application of Gulf Investment Corporation for an Order to Obtain Discovery for Use in Foreign Proceedings Pursuant to 28 U.S.C. §1782 (19-mc-00593)

Dear Ms. Gilbert:

This shall serve as a response to your February 4, 2020 letter to Quinn Emanuel, as well as Walkers' letters to GIC and GRSIA on the same date (collectively, the "February 4 Letters").

**First**, we note that Walkers' February 4 letters were sent directly to GIC and GRSIA. This is despite Walkers being well-aware that GIC and GRSIA are represented parties, having been forced to engage counsel in connection with their significant concerns regarding the Port Fund, its management, and funds that have not been rightly distributed to the Fund's limited partners, which appear to be missing or worse. This outreach is particularly galling given that Walkers, as well as your law firm, previously were asked to communicate directly with counsel. Kindly please direct all future correspondence to us or Cayman counsel for GIC and GRSIA so as to avoid future legal action. *See, e.g.*, Rule 6.02 of the Code of Conduct for Cayman Islands Attorneys-At-Law.

**Second**, taken together, the February 4 Letters appear to be nothing but further examples of what is becoming a well-worn path of obfuscation and delay by the Port Fund in the face of legitimate inquiries from its limited partners. Indeed, a brief overview of the chronology plainly illustrates this fact: In September and November 2019, the Port Fund acknowledged in communications to GIC "allegations of wrongdoing" involving the Port Fund, and, through counsel, offered to meet with GIC to, among other things, make available "further details and supporting documentation relating to the Fund's investments and liabilities." As you now appreciate, based on necessary correspondence to you and to correct misrepresentations to the Court, *on November 13, 2019, GIC acting through its counsel, accepted the Port Fund's offer*.

quinn emanuel urquhart & sullivan, llp
LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON | SALT LAKE CITY
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

Sarah Gilbert
February 11, 2020

Despite promising a substantive response to GIC's acceptance on November 21, 2019, the Port Fund failed to provide any further reply, let alone endeavor to meet. Further disregarding GIC's November acceptance, on January 5, 2020, you wrote to us to *again* purport to extend the Port Fund's offer to meet with GIC. Notably absent in this offer (or in the Port Fund's prior communications) was any reference to potential concerns related to third parties. Nevertheless, following our repeated acceptance of your offer (by letter dated January 9, 2020 and attaching a draft NDA), you, *for the very first time*, and following months of discussion related to a theoretical meeting, informed of the purported need for Udenna to sign off on the terms of our meeting.

Your February 4 letter not only unsurprisingly advises that Udenna objects to the disclosure of information, but also announces the appointment of two new independent directors to Port Link's board. Although our clients might in different circumstances have welcomed the addition of these independent directors, given your clients' consistent refusal to provide information concerning the Port Fund to which our clients are entitled, our clients view these appointments as yet further, disingenuous attempts to delay the provision of such information. This is particularly the case when viewed in light of the Port Fund's prior purported appointment of a "professional financial firm" to conduct a "review of all of the Fund's relevant financial transactions for the financial years ending 2017 and 2018." Despite the commitment of completing the review by December 31, 2019, the Port Fund has failed to provide any further information, supporting the only reasonable inference that no review was undertaken.

Moreover, even if we were inclined to take the appointment of these independent directors at face value, the vague and un-particularized nature of the role attributed to them is concerning to our clients and adds further weight to their questions regarding the sincerity of your clients to investigate the allegations levelled at them. This is all the more salient because the constitution of Port Link's board of directors has absolutely no bearing on whether, for example: (1) our clients are entitled to the documents and information that they seek; (2) the Port Fund can in fact provide information concerning the allegations underlying the current proceedings, as it has volunteered on numerous occasions; and (3) the Port Fund can keep its commitment to provide a review of its relevant financial transactions.

**Third**, the unescapable reality remains that our clients are entitled to detailed documentation and information, which the Port Fund has failed to deliver. By way of example, despite multiple commitments to deliver audited financial statements to GIC, commencing a year ago, the Port Fund has failed to produce any information. It is beyond reproach that there is an entitlement to this information. Indeed, Section 7.2 of the LPA mandates that the Port Fund's limited partners receive a report of the Port Fund's audited financial statements no later than 90 days after the end of each fiscal year—yet, no such statements have been produced since 2016. Further, on February 7, 2019, the Port Fund told GIC that its administrator and auditors were preparing the Port Fund's financial statements with a "target" to send them to GIC "within the next 60 days"—such statements, however, never came. The empty promise was repeated in October and November 2019 correspondence, this time with reference to a "detailed analysis on a

Sarah Gilbert
February 11, 2020

transaction by transaction basis" and the "professional financial firm" described above. Of course, such information remains unreceived.

* * *

      If your clients truly wished to act in the best interests of the Port Fund and all of its investors, including GIC and GRSIA, they would provide the information that is being sought and plainly owing under Section 7.1 of the LPA, as well as Section 22. To this end, we *again* invite your clients to take this opportunity to voluntarily provide the information and documentation sought by our clients in the Cayman proceedings. Moreover, as a continued showing of good faith, and in response to your offer, we are willing to schedule a substantive, in-person meeting, on February 28 or March 3-6 in New York. Please confirm the date and agenda for our meeting by February 18, 2020.

Best regards,

*Kristin Tahler*

Kristin N. Tahler

cc:    Travers Thorp Alberga
        Walkers