590 Madison Avenue, 20th Floor, New York, NY 10022-2524 ■ p212 223-4000 ■ f212 223-4134



Kathy H. Chin
(212) 895-4304
KHChin@crowell.com

APPLICATION GRANTED
SO ORDERED [signature]
VERNON S. BRODERICK
U.S.D.J. 6/17/2020

GIC shall file its supplemental declaration related to the Cayman Island judgment on or before June 25, 2020. The Port Fund Entities are directed to file its reply brief one week after the supplemental declaration is submitted, and not later than July 2, 2020.

June 15, 2020

**ELECTRONICALLY FILED**

Hon. Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, New York 10007

Re: *Ex Parte Application of Gulf Investment Corp.*
Case No. 1:19-mc-00593

Dear Judge Broderick:

On April 20, 2020, this Court So Ordered a briefing schedule for a consolidated motion to intervene and opposition to the application filed by Gulf Investment Corporation ("GIC") pursuant to 28 U.S.C. § 1782 (the "Application"). (ECF 22). In accordance with this schedule, on Friday, June 12, 2020, GIC filed its consolidated response to the motion to intervene and reply in support of the Application; the reply of the Port Fund Entities in support of the motion to intervene is currently due this Friday, June 19, 2020.

We as counsel to the Port Fund Entities write at this time with two requests relating to this briefing schedule. First, we request permission to address in our reply not only our motion to intervene but the substance of the Application. As GIC counsel noted in the letter request to this Court asking for permission to allocate more than 10 pages to their 1782 reply (ECF 29), their response may be likened to opposition to a motion to quash; as such, our response may be likened to reply on such a motion, and should address the substantive 1782 issues. Furthermore, in their papers GIC has significantly altered its prior description of its Contemplated Cayman Litigation. Under the circumstances, we respectfully request permission to address the substance of the Application in our reply. We note that the Court previously granted the GIC request to expand its reply to address the substantive 1782 issues. (ECF 30).

Secondly, we ask for an adjournment of our due date in order to address the supplemental declaration that GIC apparently intends to file sometime this week. The Supplemental Declaration of Anna Peccarino filed Friday states at page 1, note 2, as follows:

"A hearing was held in the Grand Court of the Cayman Islands on 5 and 6 May 2020. As at today's date, the parties are awaiting the hand-down of judgment in this matter, which

Hon. Vernon S. Broderick
June 15, 2020
Page 2

is expected next week. When that final judgement is received, I will endeavour to update the Court through a further supplemental declaration." (ECF 31-10).

We agree with GIC that the results of the hearing in the Cayman Islands should be shared with this Court and would have no objection to such a further supplemental declaration from Cayman counsel so long as we have the opportunity to respond as part of our final set of papers. It is not clear when Ms. Peccarino will submit her declaration, although we also understand that the judgment will likely be issued this week, and we therefore cannot know whether we will have any realistic opportunity to respond in the papers due Friday or if we will have to seek the Court's permission to respond subsequently. We submit that in order to provide the Court with the most complete background for its consideration of the Application, and for reasons of judicial economy, adjournment of our due date to one week from the date of filing of Ms. Peccarino's further supplemental declaration is appropriate, if the Court is inclined to permit that filing. In this connection we note that our original due date is this Friday, June 19, and that we have not previously requested an adjournment.

Accordingly, we respectfully request (1) permission to address in our reply papers currently due June 19 substantive issues with respect to the Application as well as the motion to intervene and (2) adjournment of the June 19 due date for those papers to one week from the date of filing of Ms. Peccarino's further supplemental declaration. We reached out to GIC counsel last night to advise that we would be making this request of the Court today, and asked for their consent by noon today. With respect to our first request, they take no position and defer to the Court. With respect to our second request, they refuse to consent, noting that while a judgment is "expected" this week, it is not guaranteed, and that "This uncertainty alone renders your request for an adjournment one which we respectfully decline. There is simply no reason to delay even further the Court's review of the Application, particularly when the final judgment in the Section 22 Proceeding will speak for itself, should not need characterization by either party, and in no event alters the position in relation to GIC's entitlement to the discovery it seeks under Section 1782." While we certainly appreciate the timely consideration given by GIC counsel to our requests, we note with respect to the requested adjournment (i) that the Port Fund Entities' Cayman counsel agrees with Ms. Peccarino that the final judgment will indeed be issued this week, and (ii) that by this brief adjournment we seek merely adequate opportunity to respond to the further supplemental declaration that GIC itself proposes to submit.

We thank the Court for its attention to these matters.

Respectfully,

Kathy Hirata Chin

cc: Kristin N. Tahler, Esq.
Gabriel F. Soledad, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
(via ECF)