590 Madison Avenue, 20th Floor, New York, NY 10022-2524 ■ p212 223-4000 ■ f212 223-4134



Kathy H. Chin
(212) 895-4304
KHChin@crowell.com

August 31, 2020

**ELECTRONICALLY FILED**

Hon. Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, New York 10007

      Re:    *Ex Parte Application of Gulf Investment Corp.*
                Case No. 1:19-mc-00593

Dear Judge Broderick:

As noted during the oral argument held in the above-referenced proceeding before Your Honor on August 14, we appreciated the opportunity to be heard, including the opportunity to respond to the questions posed by the Court. While we understand that the only further submissions specifically requested by the Court at the hearing were the joint update on the proceeding in the Cayman Islands and GIC's submission of the Travers Thorp retention agreement (the "Retention Agreement"), the Court did grant us leave to object if a copy of the agreement was not shared with us. As the Retention Agreement was not shared with us on Friday afternoon when it was delivered to Your Honor, we submit this letter on behalf of the Port Fund Entities (1) to object to the failure to share a copy of the Retention Agreement and (2) if the Court permits, to provide more complete answers to certain of the questions posed by the Court on August 14.

With respect to GIC's submission of the Retention Agreement with its Cayman Islands counsel, we note that GIC has not attempted to establish that the agreement is protected from disclosure by any applicable privilege. Regardless of whether U.S. or Cayman Islands law applies, it is GIC's burden to show that the Retention Agreement is protected by the attorney-client privilege or any other claimed protection. *See Veleron Holding, B.V. v. BNP Paribas SA*, 2014 WL 4184806, at *2 (S.D.N.Y. Aug. 22, 2014). Under U.S. law, there is no blanket protection for retention agreements, *see, e.g., In re Parmalat Secs. Litig.*, 2007 WL 1815461, at *2 (S.D.N.Y. June 25, 2007), and we understand that the same is true under Cayman Islands law. Moreover, even if GIC were able to establish that some portions of the Retention Agreement are privileged, GIC waived any such privilege by putting the scope of Ms. Peccarino's retention at issue in its § 1782 application. *See, e.g., Guifu Li v. A Perfect Day Franchise, Inc.*, 2011 WL 250418, at *1 n.1 (N.D. Cal. Jan. 25, 2011). Accordingly, the Port Fund Entities object to GIC's *ex parte*

Hon. Vernon S. Broderick
August 31, 2020
Page 2

submission of the Retention Agreement and respectfully request that GIC be required to either provide the Port Fund Entities with a copy of the Retention Agreement or establish that the agreement is protected from disclosure.

As to the further answers we seek leave to provide, they are as follows:

1. With respect to the Kuwaiti system of criminal justice, the most recent report of the U.S. Department of State on Human Rights in Kuwait provides helpful perspective. See U.S. Department of State, Kuwait 2019 Human Rights Report. A copy is attached. Section 1 (Respect for the Integrity of the Person), especially pages 6-7 on Arrest Procedures and Treatment of Detainees and pages 7-8 on Trial Procedures; Section 2 (Respect for Civil Liberties), especially page 16 on travel bans; and Section 4 (Corruption and Lack of Transparency in Government) are relevant.

2. With respect to the convictions of former Port Link directors, while one conviction did not involve the Port Fund in any way, the other did, as I should have recalled from my affidavit of May 15, 2020, paragraphs 10-13. That case (1496/2012) was joined with other complaints after it was opened in 2012, but the Accusation Report attached as Exhibit F to my affidavit does focus on Port Fund issues (including as charges 8 and 9 that the Clark Asset proceeds had been stolen or lost, charges belied by the presence of the funds later frozen at Noor Bank). With respect to the convictions, I should also update the last sentence of paragraph 13 of my affidavit. The appeal referenced there was rejected on June 24, 2020, and further appeal has been taken. Both the convictions described in my affidavit are therefore now on appeal to the Court of Cassation, Kuwait's highest court of appeals.

3. With respect to the questions posed by the Court about the J&E Petition, we note that the declarations of Cayman Islands counsel about the proposed petition in the Section 1782 matter pending before Judge Carter may be of interest. See Case No. 1:20-mc-00046 (ALC) ECF 6 (Declaration of Jennifer Fox, counsel to KPA, at paragraphs 6 to 11); ECF 22 (Declaration of Barnaby Gowrie, counsel to the Port Fund Entities, at paragraphs 28 to 34); ECF 26 (Supplemental Declaration of Ms. Fox, at paragraphs 6 to 13).

If the Court has any further questions, we would be pleased to respond, and respectfully request consideration of our objection to GIC's failure to provide a copy of the Retention Agreement and of the information provided in this letter. We thank the Court for its attention to these matters.

Respectfully,

Kathy Hirata Chin

cc: Kristin N. Tahler, Esq.
    Quinn Emanuel Urquhart & Sullivan, LLP
    (via ECF)