

590 Madison Avenue, 20th Floor, New York, NY 10022-2524 ■ p212 223-4000 ■ f212 223-4134

Kathy H. Chin
(212) 895-4304
KHChin@crowell.com

September 3, 2020

**ELECTRONICALLY FILED**

Hon. Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, New York 10007

Re:   *Ex Parte Application of Gulf Investment Corp.*
      Case No. 1:19-mc-00593

Dear Judge Broderick:

In response to yesterday's letter from GIC (ECF 44), on behalf of the Port Fund Entities we first deny that the Retention Agreement is "fundamentally immaterial to any inquiry before this Court"; indeed, we believe that the Court's interest in it is well-founded, given the lack of clarity about the Contemplated Cayman Litigation that characterized the 1782 Application filed with the Court on December 26, 2019. We do appreciate GIC's disclosure of the line from the Retention Agreement that confirms the somewhat diffuse nature of Ms. Peccarino's remit, and that the winding up application was apparently one "potential" avenue for litigation. (ECF 44 at 2). We continue to believe that the inadequacy of the original 1782 Application cannot be cured months later, on reply (Port Fund Reply Memo, ECF 36 at 6-7); that this "potential" litigation would have been inadequate basis for the application even if fully disclosed previously (Supp. Gowrie Declaration, ECF 37 at ¶¶ 15-21); and that it would be poor precedent to permit GIC to proceed with its discovery under these circumstances (Port Fund Reply Memo, ECF 36 at 10). While we submit that our objection to the failure to provide the Retention Agreement was well-founded, given this partial disclosure by GIC of the contents of the Retention Agreement, we see no need to press further for full disclosure of the document to us and respectfully leave consideration of the full Retention Agreement to the Court.

As to GIC's rejection of our further answers to the Court's questions provided in our August 31 letter (ECF 43), we deny that they are irrelevant, given that they are responsive to questions of interest to the Court. We also fail to see how Exhibit A to GIC's letter demonstrates any offensive tactics employed by Port Fund counsel. As we indicated in our letter, we recognize

Hon. Vernon S. Broderick
September 3, 2020
Page 2

that the Court did not specifically request our further responses, and, as previously, respectfully leave to the Court whether to consider them or not.

Accordingly, in response to GIC's requests in yesterday's letter (ECF 44), we submit that no further briefing schedule need be set with respect to the Retention Agreement or the information provided in our August 31 letter (ECF 43). We note that GIC has responded to our submission of the State Department Report at footnote 2 of yesterday's letter; if they had concerns about the other information provided in our letter, they could have replied in the same way. Of course, if the Court has further questions, we would be pleased to respond.

We thank the Court for its consideration of these matters.

Respectfully,

Kathy H. Chin

cc: Kristin N. Tahler, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
(via ECF)