quinn emanuel trial lawyers | washington, dc

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3615**

WRITER'S EMAIL ADDRESS
kristintahler@quinnemanuel.com

September 14, 2020

<u>VIA ELECTRONIC FILING</u>

The Honorable Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

Re:     *Ex Parte* Application of Gulf Investment Corporation: Case No. 1:19-mc-00593

Dear Judge Broderick:

We write to provide an update to the August 28, 2020 letter ("**August 28 Letter**") (ECF 42) that Petitioner Gulf Investment Corporation ("**GIC**") and intervenors The Port Fund L.P. and Port Link GP Ltd. (collectively, "**Port Fund Entities**") jointly submitted regarding an ongoing proceeding in the Cayman Islands initiated by GIC and certain other limited partners of the Port Fund (collectively, "**Limited Partners**") against the Port Fund Entities, which seeks disclosure of information and documentation from the Port Fund Entities pursuant to Section 22 of the Cayman Islands Exempted Limited Partnership Law ("**Section 22 Proceeding**").

In the August 28 Letter, the parties (1) updated Your Honor on a hearing ("**Hearing**") that the Cayman court had recently conducted in the Section 22 Proceeding; and (2) appended copies of (a) the transcript from the Hearing (ECF 42-1); and (b) an agreed order, signed and sealed by the Cayman court on August 28, 2020 ("**Order**") (ECF 42-2), which specified that the Port Fund Entities would, by 4:00 pm on September 10, 2020, disclose to the Limited Partners information and documentation set forth therein. The Order was substantively in the form which the Port Fund Entities had sought that the Cayman court should make. Indeed, it was drafted by the Port Fund Entities, at the Cayman court's direction. The Cayman court did not make orders in relation to certain further categories of documents, as the Port Fund Entities promised during the course of the Hearing voluntarily to make provision of those further documents ("**Promised Disclosure**").

On September 10, 2020, shortly after the expiration of the time at which the Port Fund Entities were obliged to serve the information and documentation under the Order and pursuant to the Promised Disclosure, the Port Fund Entities unexpectedly served upon the Limited Partners

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON | SALT LAKE CITY
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

The Honorable Vernon S. Broderick
September 14, 2020

(1) a Notice of Appeal of the Order, dated September 10, 2020 ("**Notice of Appeal**");[1] and (2) a Summons for a Stay of Execution of the Order, pending determination of the Port Fund Entities' appeal, dated September 10, 2020, along with supporting documents (collectively, "**Stay Application**").[2]

      Under Cayman law, there is an automatic right of appeal against final orders that can be exercised within 14 days of the date of the order (which is what the Port Fund Entities have done). However, in circumstances such as the present, where parties (1) make representations to the court that they will produce certain information and documentation voluntarily, without the need for such information and documentation to be included in a court order; and (2) actually draft the order in relation to additional information and documentation that they say they will provide pursuant to that court order, one would not normally expect that court order to be appealed, much less for the appeal to be served minutes after the expiration of the agreed deadline in the order for production of the information and documentation. Furthermore, an application for a stay of execution of an order does not automatically relieve the party requesting the stay of the obligations under the relevant order. Nevertheless, upon the filing of the Stay Application, the Port Fund Entities did not make the disclosures set forth in the Order, effectively availing themselves of the benefit of a stay pending the determination of the Stay Application.

      Although the Port Fund Entities were a party to the August 28 Letter to the Court regarding the Order they are now appealing, and with which they are refusing to comply, they did not advise either the Court or GIC (or the Cayman court at the Hearing at which the Order was discussed) of their intentions to appeal (and/or to fail to provide the Promised Disclosure), either then or subsequent to the Letter's filing, despite the Court's apparent interest in the Order. If Your Honor would find further discussion of the Section 22 Proceeding useful, we stand ready to appear at a conference.

      Thank you for your consideration.

Respectfully submitted,

*/s/ Kristin Tahler*

Kristin N. Tahler


cc:    Kathy Chin, Esq.
       Sarah Gilbert, Esq.
       Crowell & Moring LLP (via ECF)

---

[1]    A true and correct copy of the Notice of Appeal is annexed hereto as Exhibit A.

[2]    A true and correct copy of the Stay Application is annexed hereto as Exhibit B.