# Exhibit A

IN THE COURT OF APPEAL

CICA CIVIL APPEAL NO: 23   OF 2020

FORMERLY CAUSE NOS. FSD 235 of 2019 AND FSD 13 of 2020 (RPJ)

IN THE MATTER OF THE PORT FUND L.P.

AND IN THE MATTER OF THE APPLICATION FOR INFORMATION UNDER SECTION 22 OF THE EXEMPTED LIMITED PARTNERSHIP LAW (2018 REVISION)

BETWEEN

(1) THE PORT FUND L.P.
(2) PORT LINK GP LTD.

Appellants

and

(1) GULF INVESTMENT CORPORATION
(2) GENERAL RETIREMENT AND SOCIAL INSURANCE AUTHORITY
(3) KUWAIT PORTS AUTHORITY

Respondents

## NOTICE OF APPEAL

**TAKE NOTICE** that the Court of Appeal will be moved so soon as Counsel can be heard on behalf of the above-named Appellants on appeal from the order herein of the Honourable Mr Justice Parker, dated the 28th day of August 2020 (the "**Order**").

Whereby it was ordered that:

1. The Defendants shall by 4pm on 10 September 2020:

    (1) Serve on the Plaintiffs all of the information and documents set out in Schedule 1 to this Order (the "**Information**").

1

(2) Where any of the Information has already been provided to the Plaintiffs, the Defendants shall not be required to provide that Information.

(3) The Defendants may provide the Information in electronic form (including in a data room).

2. For the avoidance of doubt, the Defendants shall not be permitted to refuse to provide the Information or to redact the Information on the ground of confidentiality, privilege, or otherwise. The Plaintiffs confirm that they are bound by the terms of Clause 7.3 of the Amended and Restated Limited Partnership Agreement dated 14 July 2008 (the "**LPA**").

3. For the avoidance of doubt, and subject to the Plaintiffs being bound by the terms of Clause 7.3 of the LPA, the Plaintiffs are not restricted or otherwise prevented from filing any legal claims or complaints of any nature whatsoever in any court and against any party and in that context are entitled to rely on any or all of the Information.

4. Subject to paragraph 5 below, the Second Defendant shall pay forthwith the costs of each of the Plaintiffs, to be taxed if not agreed.

5. Costs of and incidental to the hearing listed before Justice Parker on 19 August 2020 are reserved.

6. Liberty to apply.

For orders and declarations that:

1. The Order be set aside.

2. The appeal be allowed and the following consequential orders and relief be granted:

   (a) The Appellants shall within 28 days from the date of this order serve on the Respondents copies of the following records and books of account of the First Appellant (the "**Partnership**") pursuant to Clause 7.1 of the Amended and Restated Limited Partnership Agreement dated 14 July 2008 (the "**LPA**"):

   (i) The Partnership's Noor Bank Account statements into which the US$496 million was deposited (*Request 29(a) of the First Affidavit of Badar Abdulmohsen El-Jeaan ("**El Jeaan 1**")*).

2

  (ii) Any and all spreadsheets (including any distribution waterfall calculations prepared pursuant to the LPA) explaining how the quantum of each distribution to the limited partners was quantified (*Request 29(i) of El Jeaan 1*).

  (iii) All information held by the Appellants in connection with any loans and/or any other liabilities of the Partnership that were paid as part of exit proceeds from the Clark Asset (*Request 29(j) of El Jeaan 1*).

  (iv) Any information and documents pertaining to the DIFC claim brought by EMPEML against the Appellants, including associated legal advice regarding the Appellants' decisions to submit to service in the DIFC and not to file a defence and any other material relevant to that claim (*Request 29(m) of El Jeaan 1*).

  (v) The executed DIPCO Convertible Loan Agreement (*Request 29(q)(i) of El Jeaan 1*),

  ((i) to (v) above, the "**Information**").

(b) For the avoidance of doubt, the production of the Information is subject to the terms of the LPA, including without limitation Clause 7.1 of the LPA which provides that the Second Appellant may prescribe any reasonable conditions and/or restrictions on the Information, which shall include:

  (i) the right to impose redactions; and/or

  (ii) that each of the Respondents undertake to the Court that, without the consent of the Second Appellant or further Court order, it will use the information and documentation provided only for the purpose of informing itself about the affairs of the Partnership, and not for any other purpose.

(c) For the further avoidance of doubt, the Information shall be considered "Confidential Information" as defined in Clause 7.3 of the LPA and such provisions shall apply with respect to the Information.

(d) That the Respondents shall pay forthwith the costs of the Appellants, to be taxed if not agreed.

3

    (e)    Liberty to apply.

3.    Any other such orders as the Court deems just.

Dated this 9th day of September 2020

*Walkers*

**WALKERS**

Attorneys-at-Law for the Appellants

TO:    The Registrar of the Court of Appeal

AND TO:    (1) Travers Thorp Alberga, Attorneys-at-Law for the First and Second Respondent

    (2) Ogier, Attorneys-at-Law for the Third Respondent

This **NOTICE OF APPEAL** was issued by Walkers, Attorneys-at-Law, 190 Elgin Avenue, George Town, Grand Cayman KY1-9001, for the Appellants whose address for service is care of their said Attorneys at Law.

4