# Exhibit B

IN THE GRAND COURT OF THE CAYMAN ISLANDS
FINANCIAL SERVICES DIVISION

CAUSE NO. FSD 235 OF 2019 (RPJ)
CAUSE NO. FSD 13 OF 2020 (RPJ)

IN THE MATTER OF THE PORT FUND L.P.

AND IN THE MATTER OF THE APPLICATION FOR INFORMATION UNDER SECTION 22 OF THE EXEMPTED LIMITED PARTNERSHIP LAW (2018 REVISION)

BETWEEN

(1) GULF INVESTMENT CORPORATION
(2) GENERAL RETIREMENT AND SOCIAL INSURANCE AUTHORITY

Plaintiffs in FSD 235 of 2019

(3) KUWAIT PORTS AUTHORITY

Plaintiff in FSD 13 of 2020

and

(1) THE PORT FUND L.P.

First Defendant in both causes

(2) PORT LINK GP LTD.

Second Defendant in both causes

---

**SUMMONS**

---

**LET ALL PARTIES CONCERNED** attend before the Honourable Mr Justice Parker in Chambers at the Law Courts, George Town, Grand Cayman on            at      am/pm upon an application by The Port Fund L.P. and Port Link GP Ltd. for the following orders:

1. There be a stay of execution on the order of the Honourable Mr Justice Parker dated 28 August 2020 (the "**Order**") until such time as the Defendants' appeal of the Order has been determined by the Cayman Islands Court of Appeal.

2. Such further or other alternative relief as the Court may think fit.

**DATED** this 10th day of September 2020

*Walkers*

**WALKERS**
Attorneys-at-Law for the Defendants

10504917.2 T5138.D08984

**TO:**     The Registrar of the Financial Services Division

**AND TO:** (1) Travers Thorp Alberga, Attorneys-at-Law for the Plaintiffs in FSD 235 of 2019

   (2) Ogier, Attorneys-at-Law for the Plaintiff in FSD 13 of 2020

**TIME ESTIMATE:** The estimated length of the hearing of this summons is 1 hour.

This **SUMMONS** was issued by is filed by Walkers, Attorneys-at-Law, 190 Elgin Avenue, George Town, Grand Cayman KY1-9001, Cayman Islands for the Defendants whose address for service is care of said Attorneys.

10504917.2 T5138.D08984

1. Defendants
2. Andrew J. Childe
3. Third Affidavit
4. Exhibit AC-3
5. 10 September 2020

IN THE GRAND COURT OF THE CAYMAN ISLANDS
FINANCIAL SERVICES DIVISION

CAUSE NO. FSD 235 OF 2019 (RPJ)
CAUSE NO. FSD 13 OF 2020 (RPJ)

IN THE MATTER OF THE PORT FUND L.P.

AND IN THE MATTER OF THE APPLICATION FOR INFORMATION UNDER SECTION 22 OF THE EXEMPTED LIMITED PARTNERSHIP LAW (2018 REVISION)

BETWEEN

(1) GULF INVESTMENT CORPORATION
(2) GENERAL RETIREMENT AND SOCIAL INSURANCE AUTHORITY
Plaintiffs in FSD 235 of 2019
(3) KUWAIT PORTS AUTHORITY
Plaintiff in FSD 13 of 2020

-and-

(1) THE PORT FUND L.P.
First Defendant in both causes
(2) PORT LINK GP LTD.
Second Defendant in both causes

---

**THIRD AFFIDAVIT OF ANDREW JOSEPH CHILDE**

---

I, **ANDREW JOSEPH CHILDE**, of FFP (Directors) Limited, 2nd Floor, Harbour Centre, 42 North Church Street, George Town, Grand Cayman, Cayman Islands, being duly sworn **MAKE OATH AND SAY** as follows:

1. I am one of the Directors of Port Link GP Ltd. (the "**GP**"), which acts as the general partner of The Port Fund L.P. (the "**Fund**"). I am duly authorised to swear this Affidavit on behalf of the GP and the Fund (together, the "**Defendants**").

2. I make this Affidavit in support of the Defendants' application for a stay of execution on the order of the Honourable Mr Justice Parker dated 28 August 2020 (the "**Order**"), until such time as the Defendants' appeal of the Order has been determined by the Cayman Islands Court of Appeal (the "**CICA**") (the "**Application**").

3. Produced to me at the time of swearing this Affidavit and marked "**AC-3**" is a bundle of true copy documents referred to in this Affidavit. A reference to a page number in this Affidavit is a reference to the corresponding page number of the exhibit.

4. Save where otherwise indicated, the matters to which I depose are within my own knowledge acquired by me in the above capacities, except where I state that I am relying on information from others. The content of this Affidavit is true to the best of my knowledge, information and belief.

5. For the avoidance of doubt, nothing in this Affidavit is intended to waive privilege in respect of any matter referred to and privilege is not being waived.

**Background to the Application**

6. As this Honourable Court is aware, Gulf Investment Corporation, the General Retirement and Social Insurance Authority and the Kuwait Ports Authority (collectively, the "**S.22 LPs**") commenced these proceedings seeking disclosure of certain information and documents from the Fund pursuant to section 22 of the Exempted Limited Partnership Law (2018 Revision) (the "**S.22 Proceedings**").

7. Following a contested hearing on 5 and 6 May 2020, this Honourable Court made orders on 28 August 2020 requiring the Fund and the GP to disclose certain of the documents and information requested by the S.22 LPs.

   On 10 September 2020, the Defendants filed a Notice of Appeal (**Page 1**) in the CICA in respect of the Order.

8. It circumstances where the Defendants have filed a Notice of Appeal in respect of the Order, the Defendants respectfully request that the Order be stayed until such time as the Defendants' appeal of the Order has been determined by the CICA, so as to not render the Defendants' appeal nugatory.

Sworn by the said **ANDREW JOSEPH CHILDE** )
at George Town, Grand Cayman )
on the 10th day of September 2020 ) **ANDREW JOSEPH CHILDE**
Before me: )

_____
Notary Public
Trudy-Ann R. Scott
Notary Public, Cayman Islands 31-Jan-21
My commission expires

THIS AFFIDAVIT is filed by Maples and Calder of PO Box 309, Ugland House, 90 Elgin Avenue, George Town, Grand Cayman KY1-9001, Cayman Islands, for the Defendants whose address for service is care of its said Attorneys-at-Law

2

10569201.1 T5138.D08984

IN THE GRAND COURT OF THE CAYMAN ISLANDS
FINANCIAL SERVICES DIVISION

CAUSE NO. FSD 235 OF 2019 (RPJ)
CAUSE NO. FSD 13 OF 2020 (RPJ)

IN THE MATTER OF THE PORT FUND L.P.

AND IN THE MATTER OF THE APPLICATION FOR INFORMATION UNDER SECTION 22 OF THE EXEMPTED LIMITED PARTNERSHIP LAW (2018 REVISION)

BETWEEN

(4) GULF INVESTMENT CORPORATION
(5) GENERAL RETIREMENT AND SOCIAL INSURANCE AUTHORITY

Plaintiffs in FSD 235 of 2019

(6) KUWAIT PORTS AUTHORITY

Plaintiff in FSD 13 of 2020

-and-

(3) THE PORT FUND L.P.

First Defendant in both causes

(4) PORT LINK GP LTD.

Second Defendant in both causes

THIS IS EXHIBIT "**AC-3**" TO THE THIRD AFFIDAVIT OF

ANDREW JOSEPH CHILDE

SWORN BEFORE ME THIS 10TH DAY OF SEPTEMBER 2020

_____
NOTARY PUBLIC

Trudy-Ann R. Scott
Notary Public, Cayman Islands
My commission expires on 31-Jan-21

10569201.1 T5138.D08984

IN THE COURT OF APPEAL

CICA CIVIL APPEAL NO: 23   OF 2020

FORMERLY CAUSE NOS. FSD 235 of 2019 AND FSD 13 of 2020 (RPJ)

IN THE MATTER OF THE PORT FUND L.P.

AND IN THE MATTER OF THE APPLICATION FOR INFORMATION UNDER SECTION 22 OF THE EXEMPTED LIMITED PARTNERSHIP LAW (2018 REVISION)

**BETWEEN**

(1) THE PORT FUND L.P.
(2) PORT LINK GP LTD.

Appellants

and

(1) GULF INVESTMENT CORPORATION
(2) GENERAL RETIREMENT AND SOCIAL INSURANCE AUTHORITY
(3) KUWAIT PORTS AUTHORITY

Respondents

## NOTICE OF APPEAL

**TAKE NOTICE** that the Court of Appeal will be moved so soon as Counsel can be heard on behalf of the above-named Appellants on appeal from the order herein of the Honourable Mr Justice Parker, dated the 28th day of August 2020 (the "**Order**").

Whereby it was ordered that:

1. The Defendants shall by 4pm on 10 September 2020:

    (1) Serve on the Plaintiffs all of the information and documents set out in Schedule 1 to this Order (the "**Information**").

1

1

(2) Where any of the Information has already been provided to the Plaintiffs, the Defendants shall not be required to provide that Information.

(3) The Defendants may provide the Information in electronic form (including in a data room).

2. For the avoidance of doubt, the Defendants shall not be permitted to refuse to provide the Information or to redact the Information on the ground of confidentiality, privilege, or otherwise. The Plaintiffs confirm that they are bound by the terms of Clause 7.3 of the Amended and Restated Limited Partnership Agreement dated 14 July 2008 (the "**LPA**").

3. For the avoidance of doubt, and subject to the Plaintiffs being bound by the terms of Clause 7.3 of the LPA, the Plaintiffs are not restricted or otherwise prevented from filing any legal claims or complaints of any nature whatsoever in any court and against any party and in that context are entitled to rely on any or all of the Information.

4. Subject to paragraph 5 below, the Second Defendant shall pay forthwith the costs of each of the Plaintiffs, to be taxed if not agreed.

5. Costs of and incidental to the hearing listed before Justice Parker on 19 August 2020 are reserved.

6. Liberty to apply.

For orders and declarations that:

1. The Order be set aside.

2. The appeal be allowed and the following consequential orders and relief be granted:

   (a) The Appellants shall within 28 days from the date of this order serve on the Respondents copies of the following records and books of account of the First Appellant (the "**Partnership**") pursuant to Clause 7.1 of the Amended and Restated Limited Partnership Agreement dated 14 July 2008 (the "**LPA**"):

   (i) The Partnership's Noor Bank Account statements into which the US$496 million was deposited (*Request 29(a) of the First Affidavit of Badar Abdulmohsen El-Jeaan ("**El Jeaan 1**")*).

2

(ii) Any and all spreadsheets (including any distribution waterfall calculations prepared pursuant to the LPA) explaining how the quantum of each distribution to the limited partners was quantified (*Request 29(i) of El Jeaan 1*).

(iii) All information held by the Appellants in connection with any loans and/or any other liabilities of the Partnership that were paid as part of exit proceeds from the Clark Asset (*Request 29(j) of El Jeaan 1*).

(iv) Any information and documents pertaining to the DIFC claim brought by EMPEML against the Appellants, including associated legal advice regarding the Appellants' decisions to submit to service in the DIFC and not to file a defence and any other material relevant to that claim (*Request 29(m) of El Jeaan 1*).

(v) The executed DIPCO Convertible Loan Agreement (*Request 29(q)(i) of El Jeaan 1*),

((i) to (v) above, the "**Information**").

(b) For the avoidance of doubt, the production of the Information is subject to the terms of the LPA, including without limitation Clause 7.1 of the LPA which provides that the Second Appellant may prescribe any reasonable conditions and/or restrictions on the Information, which shall include:

(i) the right to impose redactions; and/or

(ii) that each of the Respondents undertake to the Court that, without the consent of the Second Appellant or further Court order, it will use the information and documentation provided only for the purpose of informing itself about the affairs of the Partnership, and not for any other purpose.

(c) For the further avoidance of doubt, the Information shall be considered "Confidential Information" as defined in Clause 7.3 of the LPA and such provisions shall apply with respect to the Information.

(d) That the Respondents shall pay forthwith the costs of the Appellants, to be taxed if not agreed.

(e) Liberty to apply.

3. Any other such orders as the Court deems just.

Dated this 9th day of September 2020

*Walkers*
_____
**WALKERS**

Attorneys-at-Law for the Appellants

TO: The Registrar of the Court of Appeal

AND TO: (1) Travers Thorp Alberga, Attorneys-at-Law for the First and Second Respondent

(2) Ogier, Attorneys-at-Law for the Third Respondent

This **NOTICE OF APPEAL** was issued by Walkers, Attorneys-at-Law, 190 Elgin Avenue, George Town, Grand Cayman KY1-9001, for the Appellants whose address for service is care of their said Attorneys at Law.

4

**4**