590 Madison Avenue, 20th Floor, New York, NY  10022-2524 ▪ p212 223-4000 ▪ f212 223-4134



Kathy H. Chin
(212) 895-4304
KHChin@crowell.com

September 24, 2020

**ELECTRONICALLY FILED**

Hon. Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, New York 10007

    Re:    *Ex Parte Application of Gulf Investment Corp.*
               Case No. 1:19-mc-00593

Dear Judge Broderick:

By way of further update to the September 14, 2020 letter (ECF 46) provided by petitioner Gulf Investment Corporation ("GIC"), we write on behalf of the Port Fund Entities to advise that a hearing on the stay application described in that letter has not yet been set, although Cayman counsel for the Port Fund Entities reached out to Cayman counsel for the limited partners to ascertain their availability for the hearing on September 14.  While GIC Cayman counsel responded on September 18, counsel for Kuwait Ports Authority only responded yesterday, and counsel are now in discussions concerning the procedural steps for the hearing of the stay application.  We are advised that absent consent of all parties, Justice Parker will not determine the application without a hearing; accordingly, no decision on the stay is likely until the hearing.

With respect to the allegations made in GIC's letter about the appeal taken by the Port Fund Entities, we note that both petitioner and the Port Fund Entities have outlined for this Court the procedural path the Section 22 proceeding could take in the wake of the Judgment issued on June 16, 2020.  GIC Cayman counsel Anna Peccarino declared that the Judgment "found in favour of GIC on each point of law in dispute between it and the Port Fund Entities" (6/19/2020 Peccarino Decl., ECF 35-1, at ¶6), and then set forth the next steps in the proceeding:  the parties seek to agree on a form of Order and if unable to agree, may seek guidance from the court (id. at ¶¶19-20); once the Order is entered, the Port Fund Entities have 14 days to appeal (id. at ¶21); if the Port Fund Entities choose to appeal, they may also seek a stay (id. at ¶22).  Barnaby Gowrie (Cayman counsel for the Port Fund Entities) agreed with this procedural outline when he

Hon. Vernon S. Broderick
September 24, 2020
Page 2

responded to Ms. Peccarino's declaration. (6/26/20 Gowrie Declaration, ECF 37 at ¶¶13-14). That procedural path has now been taken by the Port Fund Entities.

As GIC recognized in June, and as it recognizes even now (ECF 46 at 2), the Port Fund Entities had a right of appeal which they could exercise within 14 days of entry of the final Order. This is not a right they waived by working with opposing counsel and Justice Parker to craft an Order that reflected the principles of the Judgment. Once that Order was entered, the Port Fund Entities were entitled to consider and determine whether appeal was warranted, which they have done. To preserve the integrity of the appeal, they have also applied for a stay of the Order. Despite the GIC letter's suggestion to the contrary, this is not a situation where promises have been broken or parties misled; the Port Fund Entities have merely exercised their right to appeal from the principles of a Judgment rendered against them that has only recently been reduced to the form of an appealable Order.

If the Court would find further information to be of assistance, like GIC's counsel, we would be pleased to appear at a conference. We can also provide an update on the results of the upcoming hearing before Justice Parker by letter.

We thank the Court for its consideration of these matters.

Respectfully,

Kathy H. Chin

cc:   Kristin N. Tahler, Esq.
      Quinn Emanuel Urquhart & Sullivan, LLP
      (via ECF)