**quinn emanuel** trial lawyers | washington, dc

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3615**

WRITER'S EMAIL ADDRESS
kristintahler@quinnemanuel.com

November 16, 2020

<u>VIA ELECTRONIC FILING</u>

The Honorable Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

Re:   *Ex Parte* Application of Gulf Investment Corporation: Case No. 1:19-mc-00593

Dear Judge Broderick:

     We write on behalf of Petitioner Gulf Investment Corporation ("**GIC**") in connection with the November 11, 2020 letter ("**November 11 Letter**") (ECF 48) submitted by counsel to intervenors The Port Fund L.P. and Port Link GP Ltd. (collectively, "**Intervenors**"). In providing this unsolicited "quick update," Intervenors can only be endeavoring to create the impression that the information therein might reduce or obviate the need for GIC's *ex parte* application ("**Application**") pursuant to 28 U.S.C. § 1782. It does not.

     First, contrary to Intervenors' characterization, the parties have not "settled" the Section 22 proceeding in the Cayman Islands ("**Section 22 Proceeding**"). On the contrary, the Section 22 Proceeding is not settled, nor has it been dismissed or otherwise concluded. As the consent order entered in the Section 22 Proceeding on November 3, 2020 ("**Consent Order**") (ECF 48-1) makes clear, Intervenors have agreed to produce specified documentation and information to GIC and the other Limited Partner plaintiffs in that matter by November 17, 2020. GIC and the other Limited Partner plaintiffs retain a liberty to apply to the Cayman court to enforce the terms of the Consent Order, and retain the ability to seek further information from Intervenors. Intervenors further have withdrawn their appeal of the August 28, 2020 order (ECF 42-2), which had specified documentation and information that would be disclosed to the Limited Partners by Intervenors no later than September 10, 2020. *See* August 28, 2020 Joint Letter to Court (ECF 42).

     Second, it is beyond dispute that regardless of what Intervenors may ultimately disclose pursuant to the Consent Order, GIC will *not* receive the documentation and information sought in the Application. The targets of the Application are the third-party correspondent banks—not

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON | SALT LAKE CITY
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

The Honorable Vernon S. Broderick
November 16, 2020

Intervenors—and the banks are not within the jurisdiction of the Cayman court, let alone subject to the Consent Order. It is likewise significant that the banks possess different documentation and information than what Intervenors potentially may possess. *See, e.g.*, GIC Reply in support of Application (ECF 31) at 12–13.

Third, it is unclear why Intervenors continue to burden Your Honor with matters related to another Limited Partner, the Kuwait Ports Authority ("**KPA**"), nevertheless, for completeness, GIC attaches hereto KPA's October 14, 2020 response ("**KPA Response**") to Intervenors' September 30, 2020 demand letter ("**Demand Letter**") (ECF 48-1), as Intervenors attached the Demand Letter to the November 11 Letter, yet conspicuously omitted the KPA Response.[1]

If Your Honor would find further discussion of the Section 22 Proceeding useful, we stand ready to appear at a conference.

Thank you for your consideration.

Respectfully submitted,

*Kristin Tahler*

Kristin N. Tahler


cc.   Kathy Chin, Esq.
      Sarah Gilbert, Esq.
      Crowell & Moring LLP (via ECF)

---

[1] A true and correct copy of the KPA Response is annexed hereto as Exhibit A.